561 So.2d 574 (1990)
In re Inquiry Concerning a Judge, re: S. Peter CAPUA.
No. 75203.
Supreme Court of Florida.
May 17, 1990.
J. Klein Wigginton, Chairman, Roy T. Rhodes, Gen. Counsel, Tallahassee, and John R. Lawson, Jr. and G. Calvin Hayes of Lawson, McWhirter, Grandoff & Reeves, Sp. Counsel, Tampa, for petitioner, Florida Judicial Qualifications Com'n.
E.J. Salcines, Tampa, and Robert L. Floyd of Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, for respondent, Honorable S. Peter Capua, Circuit Court Judge.
PER CURIAM.
This proceeding is before the Court on review of the recommendation of the Judicial Qualifications Commission.
The Judicial Qualifications Commission served its Notice of Formal Charges upon *575 S. Peter Capua, a Judge of the Circuit Court of the Eleventh Judicial Circuit. The notice alleged as follows:
1. Between January of 1985 and November of 1987 in at least 26 instances you commingled funds belonging to clients with lawyer funds contrary to the applicable rules as more fully appears in detail in Exhibit "A" 1.
2. Between January 1985 and September 1988 on at least 21 occasions you failed to properly prepare and give to your clients closing statements required by the applicable rules to account to clients for monies received for them as more fully appears by detailed references in Exhibit "A" II.
3. In the late hours of June 21, 1989, your son . .. was arrested [on charges arising from a domestic disturbance]. You advised the shift commander at the Dade County Jail that you wanted your son released and you were advised by the shift commander that the charge was a non-bondable charge and your son would have to go to a bond hearing. You continued expressions to have your son released despite continued advice of the shift commander that there would have to be a bond hearing. You told the shift commander you wanted your son released on his own recognizance and had the shift commander complete a form and you signed an order releasing your son on his own recognizance.
This conduct betrayed the independence of the judiciary, was improper and was a use of your office in partiality to your son.
Judge Capua thereafter filed an answer in which he asserted that the instances of commingling consisted of his depositing client funds to and disbursing them from his office operating account rather than a trust account; and that the closing statement violations consisted of his failure to retain complete copies of fully executed closing statements, rather than a failure to provide closing statements. Judge Capua also denied certain of the allegations in formal charge number three.
The Commission and Judge Capua have now filed with this Court a stipulation as to the facts, accompanied by the Commission's recommendation as to discipline in this matter. The Stipulation and Recommendation read as follows:
Stipulation
The Florida Judicial Qualifications Commission (the "Commission") and the Honorable S. Peter Capua hereby stipulate, for the purposes of this inquiry, that: (i) Judge Capua does not contest the matters set forth in the Notice of Formal Charges (the "Notice") instituting this inquiry; (ii) with regard to the commingling outlined in the Notice, none of Judge Capua's former clients lost any funds belonging to them; (iii) with regard to Judge Capua obtaining his son's release from jail as more fully described in the Notice, Judge Capua allowed his parental inclinations to override his responsibilities to his office of Circuit Court Judge; (iv) Judge Capua does not contest the recommendation of the Commission as set forth below; and (v) the Commission and Judge Capua waive oral argument. This Stipulation constitutes the final pleading in this cause by Judge Capua.
Recommendation
After full and deliberate consideration of the charges set forth in the Notice, the Commission by a vote of at least nine members, recommends to the Supreme Court of Florida that Judge S. Peter Capua be publicly reprimanded for his conduct as specified in the Notice.
We accordingly accept and approve the Stipulation and Recommendation and we hereby reprimand Judge S. Peter Capua for conduct unbecoming a judicial officer.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.
KOGAN, J., recused.